# CV 14        7084

FILED
CLERK

2014 DEC -4  PM 12: 22

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------

BINYAMIN YITZCHAKOV,

                                        Plaintiff,

            -against-

THE CITY OF NEW YORK, P.O. BRENT CURRY, Shield No. 3041,
Individually and in his Official Capacity, and Police Officers "JOHN
DOE" 1-2, Individually and in their Official Capacities, the names
"JOHN DOE" being fictitious as the true names are not presently
known,

                                        Defendants.

-------------------------------------------------------------------------------

**COMPLAINT**
JURY TRIAL
DEMANDED

**POLLAK, M.J**

Plaintiff, BINYAMIN YITZCHAKOV, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, BINYAMIN YITZCHAKOV, is, and has been, at all relevant times, a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants, P.O. BINYAMIN YITZCHAKOV and POLICE OFFICERS "JOHN DOE" 1 through 2, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.    On or about October 31, 2013, at approximately 5:40 p.m., plaintiff BINYAMIN YITZCHAKOV, was lawfully driving in the vicinity of Seventh Avenue and 81st Street in Kings County in the State of New York.

14.    At that time and place, plaintiff was pulled over at a checkpoint established by officers of the New York City Police Department including the individually named officers herein.

15.    Plaintiff complied with the defendants' request for his license and registration.

16.    Plaintiff was told by an as yet unidentified officer that he believed plaintiff had not been wearing his seatbelt but that if his documentation proved legal the officer would not issue plaintiff a ticket.

17.    Plaintiff's documentation was legal, there was no reason for the officers to believe otherwise, and they did not, upon information and belief, believe otherwise.

18.    After approximately ten minutes, a defendant NYPD officer approached plaintiff's window, returned his license and registration, and gave plaintiff a summons.

19.    As the defendant officer began to walk toward his own vehicle, plaintiff attempted to gain his attention to ask for an explanation as to why he was being issued a ticket.

20.    The officer continued to walk away.

21.    Plaintiff exited his vehicle and continued to attempt to gain the issuing officer's attention as well as the initial officer who had stated plaintiff would not be issued a ticket.

22.    One of the defendant officers then began to berate the plaintiff.

23.    Plaintiff, taken aback by the officer's reaction, then turned to return to his vehicle.

24.    A defendant officer then grabbed plaintiff by the arm and led him toward the other defendant officers.

25.    When they reached the other defendant officers, a defendant officer punched plaintiff

in the face.

26.     As a result, plaintiff suffered a fractured nose.

27.     At no point did plaintiff present a physical threat to the defendant officers or any other individual or property.

28.     At all relevant times plaintiff engaged in conduct protected by the First Amendment of the United States Constitution.

29.     Defendant officers assaulted plaintiff in retaliation for engaging in conduct protected by the First Amendment of the United States Constitution.

30.     Plaintiff was thereafter taken into police custody.

31.     Despite the clear physical injury suffered by plaintiff, defendant officers failed to provide him with any medical attention for approximately four hours.

32.     After approximately four hours plaintiff was treated for his injury at Lutheran Medical Center in Kings County, New York.

33.     As a result of the defendants' conduct, the plaintiff, BINYAMIN YITZCHAKOV, was charged with Obstructing Governmental Administration and Resisting Arrest.

34.     After making numerous court appearances, on November 7, 2014, plaintiff pled guilty to one count of Disorderly Conduct, a violation, not a crime, under New York law.

35.     As a result of the foregoing, plaintiff BINYAMIN YITZCHAKOV sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

36.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

37.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to

the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

41.     Plaintiff, BINYAMIN YITZCHAKOV, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

42.     The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

43.     As a result of the foregoing, plaintiff, BINYAMIN YITZCHAKOV, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## FOR DELIBERATE INDIFFERENCE TO MEDICAL
## NEEDS UNDER 42 U.S.C. § 1983

44.     Plaintiff, BINYAMIN YITZCHAKOV, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

45. Defendants failed to provide plaintiff with timely medical attention despite their knowledge that he was suffering from a serious medical condition.

46. Defendants actions constituted an unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

47. As a result of the foregoing, plaintiff, BINYAMIN YITZCHAKOV, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983

48. Plaintiff BINYAMIN YITZCHAKOV repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. Plaintiff physically assaulted for engaging in speech protected by the First Amendment of the Constitution of the United States.

50. The physical force utilized against plaintiff was substantially caused by his exercise of free speech.

51. As a result of the foregoing, plaintiff's nose was broken, his liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause..

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

52. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

53. Defendants assaulted plaintiff BINYAMIN YITZCHAKOV, in the absence of any justification, notwithstanding their knowledge that said assault would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

54.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

56.     Those customs, policies, patterns, and practices include, but are not limited to:

    i.    requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.    failing to properly train police officers in the requirements of the United States Constitution.

57.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii.    falsifying evidence and testimony to support those arrests;

    iv.    falsifying evidence and testimony to cover up police misconduct;

    v.    utilizing excessive force against citizens.

58.     The foregoing customs, policies, usages, practices, procedures and rules of THE

CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, BINYAMIN YITZCHAKOV.

59.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

61.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was placed under arrest unlawfully.

62.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

63.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

64.     All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiffs respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       December 1, 2014

                              Respectfully submitted,

                              **LAW OFFICES OF MICHAEL S.**
                              **LAMONSOFF, PLLC**
                              *Counsel for the Plaintiff*


              By:     MATTHEW SHROYER (MS-6041)
                      80 Maiden Lane, 12th Floor
                      New York, New York 10038
                      (212) 962-1020